**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jay Kentera, and Julie Kentera, husband and wife,<br><br>        Plaintiff,<br><br>vs.<br><br>Fremont Investment & Loan, nka Fremont Reorganizing Corporation, a California Corporation; Wells Fargo Bank, National Association, as Trustee under Pooling and Servicing Agreement dated as of July 1, 2006 Securitized Asset-backed Receivables LLC Trust 2006-FR3 Mortgage Pass-trough Certificates, Series 2006-FR3, a National Banking Association; Old Republic Default Management Services, an unknown entity, et al.,<br><br>        Defendants. | No. CV-10-8259-PCT-GMS<br><br>**ORDER** |

Currently pending before this Court are: (1) Motion To Dismiss Old Republic National Title Insurance Co. and Old Republic Default Management Services, Inc., Doc. 14, (2) Defendants Ocwen, HomEq, Wells Fargo National Association as Trustee and MERS Motion to Dismiss, Doc. 15, (3) Plaintiffs' Motion to Remand, Doc. 20, and, (4), Plaintiffs' Motion for Summary Disposition of Motion to Remand, Doc. 29. For the reasons stated below the Court grants the Old Republic Motion to Dismiss, Doc. 14, grants in part and denies in part the Motion to Dismiss of Defendants Ocwen, HomEq, Wells Fargo and MERS, Doc 15, and denies Plaintiffs' Motion to Remand, Doc. 20, and Plaintiffs' Motion For

1  Summary Disposition of Motion to Remand, Doc. 29.

**BACKGROUND**

3  Plaintiffs Jay and Julie Kentera owned property located at 3280 Blazing Star Road in Show Low, Arizona, 85901. The property is not Plaintiffs' primary residence. Complaint, Doc. 1-1 at ¶ 1. Defendant Fremont Investment & Loan, nka Fremont Reorganizing Corporation lent $461,000.00 to the Kenteras to purchase the property. *Id.* at ¶ ¶ 3, 13. Fremont's loan was secured by a deed of trust. MERS was the sole beneficiary under the deed of trust "acting solely as a nominee for Lender and Lender's successors and assigns," *Id.* at ¶ 10, 13, with First American Title Ins. Co. as the trustee.

The Complaint alleges that Fremont sold the note to third parties, and the note ended up in a trust of mortgage-backed securities of which Wells Fargo Bank, National Association was trustee. *Id.* at ¶ 4. Barclays dba HomEq Servicing was the servicer on the Note until August 31, 2010, *id.* at ¶ 7, when it was replaced as the servicer by Defendant Ocwen.

In 2008 and/or 2009 the Kenteras requested from HomEq a modification on the payments on their note. When, Plaintiffs were denied a modification of their loan, they defaulted on it. *Id.* at ¶ 30. Foreclosure proceedings were initiated on the subject property on August 25, 2009. *Id.* at ¶ 33.

A month prior to that, MERS transferred its status as nominal beneficiary on the deed of trust to Wells Fargo, *Id.* at ¶ 37, and Old Republic Default Management Services was named as the substitute trustee under the deed of trust. *Id.* at ¶ 39. It noticed a trustee's sale for November 30, 2009 at 2:00 P.M.

Defendants, however, did not immediately proceed with the foreclosure sale. Rather, Plaintiffs were given a six-month Listing Forbearance Agreement by Defendant HomEq from November 4, 2009 through March 30, 2010, which held the pending foreclosure in abeyance while Plaintiffs attempted to sell the property. *Id.* at ¶ 52. In the Agreement Plaintiff's acknowledged that, upon the expiration of the six months, the foreclosure process would resume. *Id.* When Plaintiffs failed to sell the property within that period, they were given a second Listing Forbearance Agreement by HomEq for the period from March 26, 2010

through September 30, 2010. *Id.* at ¶ 56. Plaintiffs again acknowledged that after September 30, 2010, the foreclosure process would resume. Plaintiffs again failed to sell the property.

In August, Plaintiffs received notice that effective August 31, 2010, Ocwen would replace HomEq as the servicer of their loan. *Id.* at ¶ 58. On October 6, 2010 Plaintiffs had a conversation with an Ocwen employee about the availability of loan modifications and Ocwen provided a loan modification application package to Plaintiffs on that same date. *Id.* at ¶ 61. Nothing was mentioned by Ocwen about proceeding with the foreclosure. *Id.* at ¶ 62. An Ocwen representative again called the Plaintiffs on October 10 and assured them that Ocwen would work with Plaintiffs and "did not want the property." *Id.* at ¶ 64. During a phone call with an Ocwen representation on October 28, Plaintiffs learned that the property had been sold at a non-judicial foreclosure sale the day before on October 27, 2010. *Id.* at ¶ 65. The property was sold to Wells Fargo for its credit bid for the amount remaining due on the loan. *Id* at ¶¶ 78, 87.

On November 6, Plaintiffs received the return of their payment made to Ocwen in late September. The letter accompanying the check stated that payment was rejected because it was insufficient to bring the mortgage current. *Id.* at ¶ 71, Plaintiffs attempted to have Ocwen rescind the sale, but Ocwen did not, or was unable to do so. *Id.* at ¶¶ 72-77. Plaintiffs filed a Complaint in Maricopa County Superior Court, which was subsequently removed to this Court. The Complaint nominally brings eight claims: count one (declaratory judgment to void trustee's deed upon sale, rescind trustee's sale, vacate substitution of trustee, assignment of deed of trust, and notice of trustee's sale); count two (quiet title); count three (breach of good faith and fair dealing) count four negligent performance of undertaking (Good Samaritan Doctrine); count five (fraudulent concealment); count six (fraud); count seven (consumer fraud); and count eight (TRO, preliminary injunction and permanent restraining order). Plaintiffs have moved to remand the case to superior court and several of the Defendants have filed separate motions to dismiss.

    **1.**    **Plaintiffs' Motion To Remand**

This Court strictly construes the removal statute against removal jurisdiction. *Gaus*

1    *v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). Nevertheless, when the requirements of
2    removal are met, this Court has an unflagging obligation to exercise its jurisdiction.

3    Plaintiffs assert that this case should be remanded due to abstention doctrines either
4    under *Burford v. Sun Oil, Co.,* 319 U.S. 315, 316-7 (1943), or the Rooker-Feldman doctrine.
5    After reviewing the briefs and cases, this Court finds that neither basis for abstention is
6    appropriate here. *Burford* abstention is inappropriate because the vast majority of cases
7    involving the non-judicial foreclosure of mortgages that have been removed in this district
8    have been accepted and decided by this Court.

9    This effectively moots any argument that the claims asserted here should be construed
10   by the state courts as too difficult or unclear for the federal courts to take up, or as involving
11   novel issues of state law which transcend the importance of Plaintiffs' claims.

12   The Court recognizes that, in at least one case, a court in this district has decided
13   otherwise. *See Forde v. First Horizon Home Loan Corp., 2:*10-CV-01922, at *6-7 (Dist. Az.
14   December 6, 2010). Given the number of courts in this district that have parted company
15   with *Forde,* however, and the number of such cases that have been accepted and decided by
16   this Court since then, the value of the reasoning expressed in *Forde* is compromised.
17   Further, the views expressed in *Forde* about what constitutes a consolidated administrative
18   proceeding, what constitutes a prior state court ruling in the matter, or the need for a
19   uniformity in state law, are considerably more expansive than those of this Court.

20   After consideration, therefore, Plaintiffs' Motion to Remand, Doc. 20, is denied, and
21   Plaintiffs' Motion for Summary Disposition of the Motion to Remand, Doc. 29 is denied as
22   moot.

23   **2.     Motion to Dismiss of Defendants Ocwen, HomEq, Wells Fargo and MERS.**

25   Ocwen, HomEq, Wells Fargo and MERS move to dismiss each of the substantive
26   counts of Plaintiffs' Complaint.

**a.     Counts One and Eight are Not Independent Claims.**

28   The Complaint contains two counts that constitute requests for specific declaratory

- 4 -

1  and/or injunctive relief. A request for declaratory relief constitutes a remedy rather than a
2  separate cause of action. *See Silvas v. GMAC Mortgage, LLC,* 2009 WL 4573234 *7 9D.
3  Ariz. Dec. 1, 2009). Therefore, counts one and eight, do not state separate causes of action,
4  but state requested remedies, based on assertions that are for the most part, restated in
5  Plaintiffs claims two through seven

6  Some of Plaintiffs assertions made in the context of their "claims" for declaratory
7  judgment and injunctive relief, however, are completely unmoored to any other cause of
8  action. They include the following three claims: First, Plaintiffs claim that Barclays dba
9  HomEq which signs the substitution of trustee form as attorney in fact for Wells Fargo had
10 no authority to do so and thus the substitution is void. *Id.* at ¶ 99 and Exhibit E. Second
11 Plaintiffs claim that the Notice of Trustee's Sale, attached to the Complaint as Exhibit F,
12 was void because it was issued by Old Republic National Title Insurance Company instead
13 of Old Republic Default Management Services. Plaintiffs assert that Old Republic Default
14 Management Services is the entity listed on the substitution of trustee form and is not
15 qualified to be a trustee under Arizona law because it is not an insurance company. *Id.* And,
16 third, Plaintiffs allege initials below the signature of Layne Lambert on the Notice of
17 Trustee's Sale indicate that it is signed by someone else, also apparently making the
18 substitution of trustee form void. *Id.* at 100.

19 None of these allegations, on their own are sufficient to state a claim. The first and
20 the third claim, both challenging whether the signatures of what purports to be the authorized
21 agents of Wells Fargo and the substitute trustee are in fact authorized signatures, fails
22 without more to meet the requirements of *Twombly* and *Iqbal*. To survive dismissal for
23 failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint
24 must contain more than "labels and conclusions" or a "formulaic recitation of the elements
25 of a cause of action[;]" it must contain factual allegations sufficient to "raise a right to relief
26 above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A
27 claim has facial plausibility when the plaintiff pleads factual content that allows the court to
28 draw the reasonable inference that the defendant is liable for the misconduct alleged."

1  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "The
2  plausibility standard is not akin to a 'probability requirement,' but it asks form more than a
3  sheer possibility that a defendant has acted unlawfully."

4  The Plaintiffs have attached both of the challenged forms to their Complaint. Yet they
5  have not adequately pleaded sufficient facts to make plausible their claim that the assignment
6  and the notice of trustee's sale forms are invalid because they were signed by unauthorized
7  agents. Nothing about the forms themselves is sufficient to make plausible an inference in
8  this respect in favor of Plaintiffs. "Rule 8 marks a notable and generous departure from the
9  hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of
10 discovery for a plaintiff armed with nothing more than conclusions. . . . Only a complaint that
11 states a plausible claim for relief survives a motion to dismiss." *Iqbal,* 129 S.Ct. at 1950.

12 Further, the allegation that Old Republic National Title Insurance Company is not the
13 substitute trustee is without merit. Plaintiffs have attached as Exhibit E to their Complaint
14 the substitution of trustee document actually filed in Navajo County. Plaintiffs do not contest
15 the accuracy of that document. It may therefore be considered on a motion to dismiss. *In*
16 *Re Silicon Graphics, Sec. Litig.,* 183 F.3d 970, 986 (9th cir. 1999). According to the
17 document, the substituted trustee is "Old Republic Default Management Services, A Division
18 of Old Republic National Title Insurance Company." Thus, Old Republic Default
19 Management Services and Old Republic National Title Insurance Company are not separate
20 entities as Plaintiffs' Complaint suggests. A Division of Old Republic National Title
21 Insurance Company referred to as Old Republic Default Management Services is the trustee.
22 Thus it has the statutory authority to be named a trustee, and the Plaintiffs assertion to the
23 contrary, is unavailing.

### b.    Quiet Title (Count Two)

25 Plaintiffs base their claim for quiet title on several assertions. They include (1) that
26 Defendants had to possess the actual note on which the deed of trust is based, prior to being
27 able to foreclose on the deed of trust. *See* Complaint, Doc. 1-1 at ¶¶ 112-14. (2) that the note
28 and the deed of trust must have the same beneficiary to be valid, and since the note and the

1 deed of trust do not have the same beneficiary the deed of trust is void *ab initio*, and, as a result any assignment of the deed of trust is invalid. (3) the foreclosure of the deed of trust is subject to legal protections applying to actions on negotiable instruments.

These theories have all been repudiated a number of times by this Court.

The theory that those foreclosing on a deed of trust must also be in physical possession of the note which the deed of trust secures has been soundly rejected by the District of Arizona. *Diessner v. Mortg. Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) ("[D]istrict courts have routinely held that Plaintiff's 'show me the note' argument lacks merit."); *See, e.g., Ciardi v. Lending Co.*, 2010 WL 2079735 (D. Ariz. May 24, 2010); *Silvas v. GMAC Mortg.*, 2009 WL 4573234 (D. Ariz. Dec. 1, 2009, amended Jan. 5, 2010); *Contreras v. U.S. Bank*, 2009 WL 4827016 (D. Ariz. Dec. 15, 2009). The Court again rejects such a theory here.

This district has also rejected any theory that the beneficiary under a deed of trust must necessarily be identical to the beneficiary under the note it secures. By the terms of the deed of trust itself, MERS is only a beneficiary for the benefit of the original lender on the promissory note and its subsequent successors and assigns. Therefore MERS can only exercise its rights as beneficiary under the deed of trust for the benefit of either the original lender or its subsequent successors and assigns. To the extent it does so, the beneficial interest in the deed of trust has not been separated from the lender or its successors, and no assignment by MERS is invalid.

Plaintiffs point to nothing in Arizona law that suggests that the deed of trust cannot be foreclosed when it is held by an agent of the beneficiary of the promissory note or its successor or assignee. *Kane v. Bosco,* 2010 WL 4879177 at *11 (D. Ariz. Nov. 23, 2010), *Cervantes v. Countrywide Home Loans, Inc.,* 2009 WL 3`57160 at *10-11 (D. Ariz. Sept. 24, 2009). Nor do Plaintiffs assert that either MERS's assignment of the deed of trust to Wells Fargo, or Wells Fargo's ultimate foreclosure of the deed of trust, violates MERS obligations as a nominal beneficiary under the deed of trust for the benefit of the lenders or their successors or assigns. MERS as the named beneficiary under the deed of trust, has the power

1  to appoint a trustee or a successor trustee under the Arizona non-judicial foreclosure statute.
2  *Contreras v. U.S. Bank as Trustee for CSMC Mortg. Backed Pass-Through Certificates,*
3  2009 WL 4827016 (D. Ariz. 2009).

4  Therefore, absent additional substantive allegations, Plaintiffs' argument that the deed
5  of trust is void because it was "separated" from the promissory note itself, or that MERS
6  could not execute an assignment of the deed of trust, fails to state a claim, when the
7  beneficiary under the deed of trust is acting as the agent of the beneficiary under the note
8  and/or its successors and assigns.

9  Further, as *Rhoads v. Washington Mut. Bank, F.A.,* 2010 WL 1408888*3-4 (D. Ariz.
10  2010) establishes a "deed of trust . . . is not an "instrument" under the Arizona Uniform
11  Commercial Code–Negotiable Instruments." The sale that Plaintiffs "seek to have declared
12  void was conducted pursuant to the trustee's power of sale, not at an action to enforce the
13  Note." *Id.* at *3.

14  Plaintiffs argument that Defendants lack standing to foreclose the note is also
15  unavailing. Standing is a notion that pertains to judicial proceedings. What occurred here is
16  a non-judicial foreclosure. Plaintiffs may be able to amend their pleading to assert facts that
17  would create a plausible case that the Defendants were not in fact those given the authority
18  to foreclose under the statute. There is, however, no separate claim for quiet title based on
19  a lack of standing.

20  Given that none of the above are cognizable legal theories, to the extent Plaintiffs
21  assert claims for declaratory judgment, injunctive relief, quiet title, breach, fraud or
22  misrepresentation that are based upon them, such claims are dismissed with prejudice.
23  *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2006)
24  ("Dismissal is appropriate where the complaint lacks . . . a cognizable legal theory . . . .").

25  Further, pursuant to Arizona statute, Plaintiffs can only bring a quiet title claim
26  'against any person . . . when such person claims an estate or interest in real property which
27  is adverse to the party bringing the action." A.R.S. § 12-1101 (2007). Plaintiffs have
28  adequately asserted that they have an interest in the property and that Wells Fargo also has

- 8 -

1 an interest in the property adverse to their claim. They have done nothing to suggest,
2 however, that they have a quiet title claim against any of the other Defendants, because it is
3 not apparent to the Court how, at this point, any of the other Defendants "claims an estate or
4 interest in real property which is adverse to the party bringing the action." Thus, the quiet
5 title claim is dismissed, with leave to amend, as to all Defendants except Wells Fargo.
6 Should Plaintiffs seek to amend this count of the Complaint, however, they are not
7 authorized to reassert the inadequate legal theories discussed above.

To the extent that Plaintiffs have successfully stated a quiet title claim against Defendant Wells Fargo, Defendants assert that Plaintiffs no longer have a claim to title on the property that has been foreclosed, because Plaintiffs did not seek or obtain an injunction prior to the foreclosure.

A.R.S. § 33-811 (2007) specifies that:

> The trustor, its successors or assigns, and all persons to whom the trustee mails a notice of sale under a trust deed pursuant to §33-809 shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona Rules of Civil Procedure, entered before 5:00 p.m. Mountain standard time on the last business day before the schedule date of the sale.

Nevertheless, Plaintiffs have pleaded sufficient facts, at least at a motion to dismiss stage, that the Court cannot determine that Plaintiffs were adequately provided with a notice of trustee's sale prior to the actual sale to the extent required to make the waiver in A.R.S. § 33-811 operable. Further, in light of the facts pleaded in the Complaint, the Court cannot say at this stage of the litigation that no equitable exception to the application of A.R.S. § 33-811 would apply.

Therefore, the Court declines to dismiss Plaintiffs' quiet title claim against Wells Fargo.

**c.    Plaintiffs' Remaining Counts (Breach of Covenant of Good Faith and Fair Dealing, Negligent Performance of Undertaking, and Various Fraud Counts)**

The alleged facts identified by Plaintiffs on which they seek to assert counts three

- 9 -

1 through seven are, for the most part, identical.[1] Plaintiffs allege in each count that while they
2 were in good faith attempting to work out loan modifications with the loan servicer
3 Defendants, the loan servicers did not competently handle their requests. Further, "the
4 Defendants" wrongfully conducted the non-judicial foreclosure on Plaintiffs' property and
5 sold it to Wells Fargo in late October, 2010, while taking deliberate steps to conceal from
6 Plaintiffs their need to act to prevent the foreclosure, such as failing to timely reject and
7 return Plaintiffs' September payment.

8 The Court is persuaded with respect to Wells Fargo and Ocwen that Plaintiffs have
9 alleged sufficient facts to withstand Defendant's Motion to Dismiss on these counts.
10 Nevertheless, Plaintiffs have stated no facts sufficient to withstand a Motion to Dismiss on
11 these counts as it pertains to Defendants MERS and HomEq.

12 With respect to Defendant MERS Plaintiffs make no allegation that MERS had any
13 role in processing their payments, loan modification requests, or in making the decision to
14 proceed with the non-judicial foreclosure.

15 With respect to Defendant HomEq, as the Complaint itself alleges, HomEq had twice
16 extended Listing Foreclosure Agreements to Plaintiffs and had not foreclosed on their
17 property. HomEq was replaced by Ocwen one month prior to the expiration of the last
18 Listing Foreclosure Agreement and two months prior to the foreclosure. There is no
19 allegation of conspiracy or agency between Ocwen and HomEq and no facts have been
20 alleged from which it could be concluded that HomEq was involved in the decision to
21 conduct the foreclosure or conducted the foreclosure. Plaintiffs do allege that HomEq would
22 not discuss a loan modification with them, when they were not in default. Nevertheless, that
23 allegation provides no plausible basis for any of Plaintiffs' claims.

24 Again, to survive dismissal for failure to state a claim pursuant to Federal Rule of
25 Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or

---

[1] However, Plaintiffs do not name MERS or Wells Fargo as Defendants in count four – Negligent Performance of Undertaking.

- 10 -

1  a "formulaic recitation of the elements of a cause of action[;]" it must contain factual
2  allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp.*
3  *v. Twombly*, 550 U.S. 544, 555 (2007).  "A claim has facial plausibility when the plaintiff
4  pleads factual content that allows the court to draw the reasonable inference that the
5  defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949
6  (2009) (citing *Twombly*, 550 U.S. at 556).

7  Plaintiffs have not adequately plead sufficient facts to make any of these claims
8  plausible against MERS or HomEq.  Such a claim does not meet the standard set forth in *Bell*
9  *Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (holding that a plaintiff has an
10 obligation to allege sufficient facts to plausibly allege  grounds upon which he claims his
11 entitlement to relief and that mere labels and conclusions  or a formulaic recitation of the
12 elements of a claim is insufficient.").

13 Further, to the extent that Plaintiffs seek to assert claims of fraud against  Defendants
14 MERS or HomEq they must "state with particularity the circumstances constituting fraud or
15 mistake."  Fed. R. Civ. P. 9(b).  There are nine elements required to plead common law fraud
16 in Arizona.  *Nielson v. Flashberg*, 101 Ariz. 335, 338, 419 P.2d 514, 517 (1966).  Each fraud
17 claim must be plead with particularity as to each Defendant against which Plaintiff raises
18 such claims.  A Plaintiff must "state the time, place and specific content of the false
19 representation as well as the identities of the parties to the misrepresentations." *Schreiber*
20 *Distrib. Co. v. Serv-Well Furniture Co.*, 806 F2d 1393, 1401 (9th Cir. 1986); *A.G. Edwards*
21 *& Sons, Inc. v. Smith*, 736 F. Supp. 1030, 1033 (D. Ariz. 1989) (holding that "[m]ere
22 conclusory allegations of fraud will not suffice; the complaint must contain statements of the
23 time, place and nature of the alleged fraudulent activities.").   For the reasons above stated,
24 those allegations are insufficient to state a plausible claim against either MERS or HomEq.

25     **3.**    **The Old Republic Defendants' Motion to Dismiss**

26 Old Republic brings a motion to dismiss under A.R.S. § 33-807(E) (2007).   A.R.S.
27 § 33-807(E) states:

28     The Trustee need only be joined as a party in legal actions pertaining to a

> breach of the trustee's obligation under this chapter [A.R.S. title 33 chapter 6.1] or under the deed of trust. Any order of the court entered against the beneficiary is binding upon the trustee with respect to any actions that the trustee is authorized to take by the trust deed or by this chapter. If the trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee.

A.R.S. § 33-807(E).

As this Court recently noted in *Puzz v. Chase Home Finance, LLC,*

> The plain meaning of the first sentence of the statute is that the plaintiff need only join the trustee as a party to a claim when that claim asserts that the trustee breached one or more of his or her obligations arising under either the deed of trust or Arizona statutes regulating trust deeds. The second sentence of the statute specifies that, to the extent a plaintiff wishes to challenge actions that a deed of trust or Arizona statute authorize a trustee to take, an order against the beneficiary alone is also sufficient to bind the trustee.
>
> With these first two sentences as context, it is apparent that the third sentence means that if the trustee is joined as a party in any claim *pertaining to the trustee's authority to act*, that does not allege that the trustee breached an obligation arising from statute or the deed of trust, "the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee." Thus, to avoid an unreasonable result, the phrase "any other action" in the provision's third sentence must not be interpreted broadly to mean any other action whatsoever, but rather should be interpreted to mean any action pertaining to the trustee's authority to act that does not allege that the trustee breached an obligation resulting from the deed of trust or statute. Such an interpretation of the third sentence is consistent with the scope of the entire statute and with the two sentences preceding it.
>
> Thus, to receive the protection of A.R.S. § 33-807(E) as to any particular claim, a trustee must establish three elements. First, that the trustee has been named as a defendant in the claim. Second, that the claim relates to the authority of the trustee to act, given to the trustee either by the trust deed or Arizona statutes regulating trust deeds. Third, that the claims do not allege that the trustee breached any of his or her obligations that arise under either the deed of trust or the statutory chapter of the Arizona Revised Statutes that regulates deeds of trust.

*Id.*, 763 F.Supp.2d 1116, 1122 (D. Ariz. 2011).

In its Response, Plaintiffs argue that Old Republic had duties arising from state tort law that pertain to Old Republic's authorization to act as a trustee. For example, Plaintiffs assert that the successor trustee should have validated all of the signatures of the beneficiary or insured the validity of all assignments of the deed of trust and the note as well as the validity of its own appointment prior to conducting a deed of trust sale. This asserted failure is presumably the reason Plaintiffs named the Old Republic Defendants in their causes of action

1  for quiet title, breach of covenant of good faith, and the three fraud counts. Nevertheless,
2  Plaintiffs point to no obligations to conduct such investigations that arise from either the deed
3  of trust itself or the statutes regulating trustees. Thus, to the extent that the asserted duties
4  arise from state tort law, but not either from the trust deed itself, or the statutes regulating a
5  trustee's duties, the claims must be dismissed pursuant to A.R.S. § 33-807(E).

6  Plaintiffs further assert in their complaint that the notice of deed of trust sale was void
7  due to an error in the tax parcel number contained in the notice and an unauthorized signature.
8  Nevertheless, the statute setting forth the requirements for a notice of deed of trust sale itself
9  indicates that these argument are without merit. A.R.S. § 33-808(E) (2007) (noting that an
10 error in any of the required information or specified form of the Notice of Trustee's sale
11 except an error in the date, time and place of sale, or in some cases the legal property
12 description does not invalidate a trustee's sale).

13 Further, as is discussed above, there is no merit to Plaintiffs' assertion that Old
14 Republic Default Management Services, a division of Old Republic National Title Insurance
15 Company, is a separate entity from Old Republic National Title Insurance Company. As is
16 also discussed above, there is no sufficient basis in the Complaint to make plausible Plaintiffs'
17 claim that Old Republic was never appointed successor trustee on the deed of trust due to the
18 form being signed by an unauthorized person. Thus, Plaintiffs have not successfully plead
19 any obligation of the trustee arising either under the statutes regulating trustees or the deed
20 of trust itself that the successor trustee violated. Such claims therefore are dismissed pursuant
21 to the requirements of A.R.S. § 33-807(E).

22 Pursuant to the mandate of the statute the Old Republic Defendants are awarded their
23 reasonable attorneys' fees and costs from Plaintiffs for joining the trustee. Such fees and costs
24 shall be awarded upon the Old Republic Defendants' compliance with LRCiv. 54.2.

25 **IT IS THEREFOR ORDERED** denying Plaintiffs' Motion to Remand, Doc. 20, and
26 denying Plaintiffs' Motion For Summary Disposition of Motion to Remand as moot, Doc. 29.
27 **IT IS FURTHER ORDERED** granting Old Republic Defendants' Motion to Dismiss,
28 Doc. 14, and awarding reasonable attorneys' fees and costs in connection therewith and upon

compliance with LRCiv 54.2.

**IT IS FURTHER ORDERED** granting in part and denying in part the Motion to Dismiss of Defendants Ocwen, HomEq, Wells Fargo and MERS, Doc 15. The Motion is granted in its entirety with respect to Defendants HomEq and MERS. Thus, the Complaint is dismissed as to both Defendants, with leave to amend to the extent permitted by the above Order. Count two of the Complaint is dismissed as to Defendant Ocwen with leave to amend to the extent permitted by the above Order. The motion is denied as it pertains to Defendant Wells Fargo.

**IT IS FURTHER ORDERED** that should Plaintiffs desire to file an amended complaint, they shall do so no later than **October 7, 2011**. The Court will dismiss any aspect of the amended complaint that does not comply with the requirements of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not file an amended complaint by **October 7, 2011**, the Clerk of the Court is directed to terminate MERS and HomEq as Defendants in this matter.

DATED this 8th day of September, 2011.

_G. Murray Snow_
United States District Judge