**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jay Kentera and Julie Kentera, husband and wife,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>Fremont Investment & Loan, nka Fremont Reorganizing Corporation, a California Corporation, et al.,<br><br>　　　　　　Defendants. | No. CV-10-8259-PCT-SMM<br><br>**MEMORANDUM OF DECISION AND ORDER** |

Pending before the Court is Defendants' motion to enforce settlement agreement. (Doc. 86.) The motion is fully briefed. (Docs. 87, 88, 91.) The parties entered into a Settlement Agreement ("Agreement") to resolve litigation in October 2013. Defendants move to enforce the Agreement contending that Plaintiffs have since failed to abide by the terms of the Agreement. Plaintiffs claim that the Agreement cannot be enforced as it is void due to a number of factors, including lack of mutual consent, unilateral mistake, or mutual mistaken fact. The Court, having considered Defendants' motion and the briefing submitted by the parties, will grant Defendants' motion and enforce the settlement agreement.

## Background

The terms of the Agreement require that Plaintiffs dismiss the action before the Court within five days of receiving the copy of the Agreement signed by the Defendants, that Plaintiffs pay $370,000 as a discounted payoff on the foreclosed mortgage loan, and that the

1 Defendants rescind the foreclosure sale and restore title to the Plaintiffs as it existed prior to
2 the foreclosure sale, and then record a satisfaction of mortgage. (Doc. 86 at 3; Doc. 86-2 at
3 6-7.) According to the Agreement, after the Agreement was executed in October 2013
4 Plaintiffs were to file a stipulation for dismissal with prejudice. (Doc. 86-2 at 7.) Plaintiffs
5 have not done so.

6 Plaintiffs claim to have discovered a superior lien in November 2013 while
7 conducting a preliminary title report. (Doc. 86 at 6.) The beneficiary of the newly
8 discovered superior lien is a business partner of the Plaintiffs. (Doc. 87-2 at 9, 11; Doc. 86-1
9 at 2.) Plaintiffs claim not to have known about the superior lien at the time of the
10 Agreement. (Doc. 88 at 2.) Defendants posit that this is irrelevant, as the condition of the
11 title was never part of the Agreement.

**Standard of Review**

13 The Court has broad power to enforce settlement agreements. See, e.g., Callie v.
14 Near, 829 F.2d 888, 890 (9th Cir. 1987). However, "where material facts concerning the
15 existence or terms of an agreement to settle are in dispute, the parties must be allowed to
16 have an evidentiary hearing." Id.

17 A federal court sitting in diversity applies state substantive law. See Hambleton Bros.
18 Lumber Co. v. Balkin Enterprises, Inc., 397 F.3d 1217, 1227 (9th Cir. 2005). Generally, the
19 construction and enforcement of settlement agreements are governed by general contract
20 principles under state law. See Hisel v. Upchurch, 797 F. Supp. 1509, 1517 (D. Ariz. 1992).

**Discussion**

22 *1. Mutual Consent.*

23 A binding contract requires that the parties mutually agree to its terms. See e.g.,
24 Carrol v. Lee, 148 Ariz. 10, 13, 712 P.2d 723, 726 (1986). Plaintiffs claim that the
25 Agreement is void as the parties failed to mutually agree to the same intended meaning.
26 Specifically, Plaintiffs claim that their negotiations were for property "free and clear of any
27 lien." (Doc. 87 at 2.) Defendants argue the terms of the Agreement were for what was
28 stated, a reduced payoff of the loan that Plaintiffs borrowed from the Defendants. (Doc. 91

1  at 2.)

2          Plaintiffs' argument falls flat. Plaintiffs fail to point to any evidence suggesting their
3  subjective intent to join the Agreement contingent upon the property being free of superior
4  liens. As read, the Agreement is for a discounted payoff of a loan. (Doc. 96-2 at 6.)
5  Defendants provided no warranty as to title. Nowhere in the email correspondence prior to
6  Agreement is there any indication of Plaintiffs' intent that the title be free of superior liens.
7  Defendants' first description of the condition of title was not until November 20, 2013 (Doc.
8  86-2 at 30), and was offered gratuitously to aid Plaintiffs in obtaining a loan to pay off the
9  reduced loan amount. This correspondence, that Plaintiffs argue is evidence of defense
10 counsel clarifying the terms of the Agreement (Doc. 87 at 3), was more than one month after
11 the Agreement was executed, and nearly a month after Plaintiffs were required to file a
12 motion to dismiss this action with prejudice. (Doc. 87-2 at 24.) The Court will enforce the
13 Agreement in accordance with the terms that the parties objectively agreed to at the time.

14         *2. Unilateral or Mutual Mistake.*

15         The Agreement will only be void due to unilateral mistake if the mistake was material,
16 is adverse to the mistaken party, the mistaken party does not bear the risk of mistake, and that
17 the other party had reason to know of the mistake. See U.S. v. Talley Defense Systems, Inc.,
18 393 F. Supp.2d 964, 972 (D. Ariz. 2005). Additionally, the Agreement is void due to mutual
19 mistake if the mistake was to a material element and the party seeking rescission did not bear
20 the risk of mistake. See Nelson v. Rice, 198 Ariz. 563, 566, 12 P.3d 238, 241 (App. 2000).
21 The Restatement (Second) of Contracts § 154 clarifies which party carried the burden of the
22 risk. Id. A party bears the risk when the risk is allocated to it by the agreement. Id. § 154(a).
23 In addition, a party bears the risk if "he is aware, at the time that the contract is made, that
24 he has only limited knowledge with respect to the facts to which the mistake relates but treats
25 his limited knowledge as sufficient." Id. § 154(b).

26         Here, the mistake was not material to the Agreement. The Agreement included no
27 comment about the condition of title, only that the payment constituted a reduced payoff of
28 the loan. Plaintiffs do not point to any evidence that shows why the condition of title is

- 3 -

material to the Agreement. The Court does not find that an additional superior lien on the title is material to parties' Agreement to pay off the loan and dismiss the present action.

It is irrelevant if the mistake is adverse to Plaintiffs by making it more difficult to raise funding because Plaintiffs assumed the risk as stated by the "Changed Circumstances" term of the Agreement.[1] (Doc. 86-2 at 8.) Even if the "Changed Circumstances" term in the agreement does not establish that Plaintiff beared the risk, under Restatement (Second) of Contracts § 154(a), Plaintiff clearly bears the risk as defined in §154(b). Plaintiff entered into the Agreement knowing he had limited knowledge regarding the condition of title. Plaintiff bears the risk for entering into the agreement without verifying the condition of title and presuming there would not be additional interests. For these reasons, Plaintiffs bore the risk of mistake and the Agreement is not void due to unilateral or mutual mistake.

Additionally, Plaintiffs allege that Defendants had some sort of knowledge as to the existence of Plaintiffs' mistake. (Doc. 87 at 2). Plaintiffs claim that their potential to make a mistake about the validity of the title should be clear based on their own testimony during deposition. (Id.)

The Court finds that it is not clear from reviewing Jay Kentera's deposition what he thought about the validity of the title, only that he knew an additional party may have an interest. (Doc. 87-2 at 11.) Stating that there may be an additional interest does not provide

---

[1] Under the "Changed Circumstances" term, "Borrower agrees that if any facts, claims or circumstances relating to or with respect to the action of which this Agreement is executed are at any time later found, suspected, or claimed to be other than or different from the facts, claims and circumstances now believed by Borrower to be true, that Borrower expressly accepts and assumes the risk of such possible differences of facts, claims and circumstances and agrees that the releases set forth herein shall be and remain effective notwithstanding any such differences in any facts, claims or circumstances.

In addition, Borrower acknowledges the risk and the possibility that other claims not known may develop or be discovered or consequences or results of claims may develop or be discovered in the future. Borrower expressly acknowledges the risk that there may be claims released herein, which he may not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known would affect his decision to enter into this Agreement." (Doc. 86-2 at 8.)

notice to Defendants about Plaintiffs' ability to make a mistake when entering into the Agreement. As already established, Plaintiffs bore the risk for entering into the agreement without verifying condition of title.

**Conclusion**

Accordingly, based on the foregoing,

**IT IS HEREBY ORDERED** granting Defendants' motion to enforce the settlement agreement. (Doc. 86.)

**IT IS FURTHER ORDERED** enforcing the terms of the settlement agreement as follows: Plaintiff shall submit a stipulation to dismiss its claim with prejudice within five days of this Order, per the terms of the Agreement. (Doc. 86-2 at 7.)

Plaintiffs shall pay to Defendants the $370,000.00 discounted payoff amount agreed to. (Id.) As the pay-by date set in the Agreement has already passed, Plaintiff shall have eight days to make this payment from the date of this Order. The eight days the Court assigns correspond to the eight days allowed in the Agreement between the contract's formation on October 17, 2013 and the original pay-by date of October 25, 2013. (Id. at 6,12.)

**IT IS FURTHER ORDERED** pursuant to LRCiv 54.2 denying without prejudice Defendants' request for attorney's fees as premature. Attorney fee applications must be filed in accordance with this District's local rules.

DATED this 25th day of June, 2014.

_____
Stephen M. McNamee
Senior United States District Judge